IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 MAY -9  P 3: 54

CLERK'S OFFICE
AT BALTIMORE

BY_____ \_\_DEPUTY

| | | |
|---|---|---|
| DOUGLAS AREY, <br> Petitioner | * | |
| | * | |
| v | | Civil Action No. JKB-13-2415 |
| | * | |
| STATE OF MARYLAND <br> Respondents | * | |

\*\*\*

## MEMORANDUM AND ORDER

Pending is petitioner's motion to strike the appearance of the attorney general. ECF No. 19. Petitioner alleges that the Attorney General suffers from a conflict of interest due to his allegations that evidence was suppressed during his 1974 trial. Petitioner alleges that the Office of the Attorney General is the "archivist" of an affidavit from State Judge James Pugh which Petitioner maintains should have been provided to him and which is exculpatory. Petitioner therefore claims that the entire Attorney General's Office should be found in contempt of court for failure to provide *"Brady/Bagley"* evidence. Petitioner's arguments are unpersuasive. The current Attorney General and counsel for respondents had nothing to do with petitioner's trial and are bound by ethical considerations in their handling of the instant case and disclosures to this court. The motion shall be denied.

The court is also in receipt of petitioner's motions to appoint counsel. ECF Nos. 20, 23, 24 & 26. Under Rule 8(c) of the Federal Rules Governing §2254 Habeas Corpus cases, "[i]f an evidentiary hearing is required the judge shall appoint counsel for a petitioner who qualifies for the appointment of counsel." Having not yet determined if the instant case requires an evidentiary hearing, petitioner's motions for appointment of counsel shall be denied without prejudice, subject to reconsideration at a later time.

Petitioner's motion to strike respondent's limited answer (ECF No. 22) shall also be denied. If the court finds that the limited answer, upon review, is lacking, the court will take appropriate action at that time. If petitioner disagrees with the response he may file an opposition to same. Striking of the response is not indicated.

Petitioner's motion for extension of time to respond to respondent's limited answer (ECF No. 25) shall be granted. Petitioner shall file his response on or before July 2, 2014.

Petitioner's motion to produce documents and tangible things (ECF No. 27) shall also be denied. Petitioner seeks a true test copy of the "Affidavit of Montgomery County Circuit Court Judge James Pugh, entered as an Exhibit, in the Answer filed by the Maryland Attorney General, to Moon's Petition for Certiorari entered in the Supreme Court case of *Dennis Mullene Moon v. Maryland*, 398 U.S. 319...." *Id.* Petitioner has a copy of this affidavit and indicates he is making efforts to obtain an official copy of same from the Maryland State archives. He does not indicate whether he has sought an official copy of the affidavit from the United States Supreme Court, or any other entity that may have a copy of the affidavit recorded in an official manner, nor does he indicate whether he has pursued any appropriate remedies under Maryland's Freedom of Information Act. Additionally, he has not indicated why he requires a "true test copy" of a document he already has in his possession to pursue his claim in this court.

Discovery is not available as a matter of right in habeas corpus cases. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 Cases provides, in relevant part, "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." A federal habeas petitioner establishes the requisite good cause to conduct discovery "where specific allegations before the court show reason to believe that the Petitioner may, if the facts are fully developed,

be able to demonstrate that he is ... entitled to relief." *Bracy*, 520 U.S. at 908–09 (internal quotation marks and citation omitted). "Good cause" requires more than a petitioner's conclusional assertion there may be some undiscovered or undisclosed evidence to support his claim. Petitioner has failed to present any specific factual allegations to show why discovery of the materials he seeks, which he already possesses, is warranted at this time. Accordingly, the motion will be denied without prejudice.

Accordingly, it is this 9 day of May, 2014, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Petitioner's motion to strike counsel (ECF No. 19) IS DENIED;

2. Petitioner's motions to appoint counsel (ECF Nos. 20, 23, 24 & 26) ARE DENIED;

3. Petitioner's motion to strike limited answer (ECF No. 22) IS DENIED;

4. Petitioner's motion for extension of time (ECF No. 25) IS GRANTED to and including July 2, 2014;

5. Petitioner's motion to produce documents (ECF No. 27) IS DENIED; and

6. The Clerk SHALL TRANSMIT a copy of this Order to petitioner and counsel of record.

James K. Bredar
United States District Judge