IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOUGLAS SCOTT AREY,                          *

Petitioner                                   *

   v.                                        *  Civil Action No. JKB-13-2415

DPSCS SECRETARY GARY MAYNARD,                *
and THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND,                           *

Respondents                                  *

                                ***

## **MEMORANDUM OPINION**

On October 24, 2013,[1] Petitioner Douglas Scott Arey filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his 1974 convictions for first degree murder and use of a handgun in a crime of  violence.  (ECF No. 8).  Respondents filed a limited Answer indicating that the Petition must be dismissed as an unauthorized successive petition under 28 U.S.C. § 2244(b)(3)(A). (ECF   No. 17).   Alternatively, Respondents argue that Petitioner has not exhausted his state court remedies.  Petitioner has filed a reply, stating that his claims have now been exhausted.  (ECF No. 32).  He has since filed a second reply in which he again states that his state court remedies have been exhausted and requests counsel.[2]  (ECF No. 37). The Court need not address Respondents' alternative argument as the first is dispositive of this matter.

Petitioner previously sought habeas relief in this court in 2005, challenging the same

---

[1] The Petition was given to prison authorities for mailing on October 24, 2013, and is deemed filed on that day.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] Petitioner has also filed a Motion for Appointment of Counsel (ECF No. 36) which shall be denied.

judgment of conviction rendered in the Circuit Court for Baltimore City. *See Arey v. Maryland*, Civil Action No. AW-05-637 (D. Md. Oct. 25, 2005)(dismissed as time-barred).[3]   Under 28 U.S.C. § 2244, however, Petitioner may only file a second or successive habeas corpus petition if he has first moved in the appropriate circuit court for an order authorizing the district court to consider his application.   *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996).   The pending Petition is successive and this Court may not consider it until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the court to do so.   *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because it does not appear that Petitioner has complied with this "gatekeeper" provision, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).[4]

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization Order.   The procedural requirements and deadlines are extensive.   Consequently, this Clerk shall be directed to provide Petitioner a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition.   It is to be

---

[3] In fact, Petitioner references his prior Petition in his most recent filing. (ECF No. 37 at 4).  The Court of Appeals for the Fourth Circuit affirmed the dismissal of that petition, issuing its Mandate on March 12, 2007.  (ECF No. 17-1).

[4] Petitioner characterizes his Petition as a Writ of Actual Innocence and seeks to use actual innocence as a "gateway" through which he may pass because he believes the impediment to his filing is a procedural bar, in this case the exhaustion requirement. (ECF No. 32 at 1).  However, this Court is without jurisdiction to adjudicate any claim in a second/successive petition without prior authorization. While the majority of Petitioner's fifteen claims are brought pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Bagley*, 473 U.S. 667 (1985), which if found to be "newly discovered evidence" may serve to restart the statute of limitations, the timeliness of the Petition is not the issue before the Court. Rather, the successive nature of the Petition is the sole issue before the Court.

emphasized that Petitioner must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.  Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

A separate Order follows.


Date:  January 7, 2016                        _____/s/_____
                                                                    James K. Bredar
                                                                    United States District Judge

3